IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARIANA BORREGGINE, | : | No. 1:13-cv-01423 |
|    Plaintiff | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| MESSIAH COLLEGE, et al., | : | |
|    Defendants | : | |

**MEMORANDUM**

Before the Court is Defendants' motion to dismiss Plaintiff Ariana Borreggine's complaint in part. (Doc. No. 13.) The motion is fully briefed and ripe for disposition. For the reasons that follow, the Court will grant the motion.

**I. BACKGROUND**

Plaintiff, who is dyslexic, enrolled at Messiah College in August 2011, where she was a member of the Messiah College women's lacrosse team. (Doc. No. 1 at ¶¶ 12-13.) On or about April 18, 2012, Plaintiff injured her foot. (Id. ¶ 14.) Plaintiff alleges that on or around July 18, 2012, near the beginning of her Sophomore year, a pattern of discriminatory behavior based on her dyslexia began. (Id. ¶ 19.) Plaintiff alleges that the Messiah College women's lacrosse coach, Defendant Greer: (1) told Plaintiff that she used her dyslexia as a crutch; (2) drew diagrams insinuating Plaintiff was incapable of understanding instructions; (3) raised her voice at Plaintiff when Plaintiff did not understand instructions; (4) asked teammates to "translate" instructions for Plaintiff; and (5) insisted on having Plaintiff's teammates present when Defendant Greer would ridicule Plaintiff and imply that Plaintiff's disability was exaggerated. (Id. ¶¶ 19-23.) Plaintiff also alleges that Defendant Greer falsely called her a liar on multiple

1

occasions regarding the rehabilitation of the foot injury Plaintiff suffered on April 18, 2012. (Id. ¶ 14.)

On or about January 22, 2013, Plaintiff's parents complained to Messiah's athletic director, Defendant Jack Cole, about the discriminatory treatment directed at their daughter. (Id. ¶ 15.) On January 23, 2013, at a meeting on the subject of removing Plaintiff from the lacrosse team, Greer again called Plaintiff a liar. (Id. ¶ 20.) Plaintiff was subsequently removed from the lacrosse team. (Id. ¶ 22.) On January 26, 2013, Defendant Greer held a meeting with the team during which she told them they should cease all communications with Plaintiff. (Id. ¶ 22.) As a result, Plaintiff was forced to withdraw from school, citing ostracization by her friends, exclusion from the team, and Messiah College's failure to remedy the situation. (Id. ¶ 23.) Following Plaintiff's withdrawal from Messiah College, Defendants sent Plaintiff a letter stating that interaction between her and Defendant Greer would be more closely monitored. (Id. ¶ 24.) Plaintiff asserts that this letter wholly ignored that she had already been removed from the team and forced to withdraw from school. (Id.)

On May 28, 2013, Plaintiff filed a complaint against Defendants Messiah College, the Board of Trustees of Messiah College, and Messiah College staff Heather Greer, Jack Cole and Dr. Kris Hansen-Kieffer. Count One contains allegations that all defendants unlawfully discriminated against her in violation of Section 504 of the Rehabilitation Act. (Id. ¶¶ 1, 25-29.) Count Two contains allegations of intentional infliction of emotional distress against all defendants under Pennsylvania law. (Id. ¶¶ 1, 30-31.) Plaintiff also claims money damages as a result of the alleged discriminatory treatment she suffered and her resulting financial loss from transferring to a new school. (Id. ¶¶ 10, 26.) On July 25, 2013, Defendants moved to dismiss

Count One as to Greer, Cole and Hansen-Kieffer, and Count Two as to all Defendants. (Doc. No. 13.) The motion is fully briefed and ripe for disposition.

**II.     STANDARD OF REVIEW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing a motion to dismiss, a court may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of America, 361 F.3d 217, 221 n.3 (3d Cir. 2004). The motion will only be properly granted when, taking all factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that the plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted).

A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906-908 (3d Cir. 1997). Although the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips v. County of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient

factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**III.   DISCUSSION**

Plaintiff brings claims under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and under Pennsylvania common law. Defendants Greer, Cole and Hansen-Kieffer move to dismiss Count One and all Defendants move to dismiss Count Two, contending that Plaintiff has failed to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**A.   Count One: discrimination based upon disability**

In Count One, Plaintiff alleges that Defendants violated Section 504 of the Rehabilitation Act by discriminating against her on the basis of her dyslexia. Defendants argue that Count One should be dismissed as to Defendants Greer, Cole and Hansen-Kieffer because the Third Circuit does not recognize liability for individual defendants under Section 504 of the Rehabilitation Act. (Doc. No. 14 at 7-8). Section 504 provides that:

> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . .

29 U.S.C. § 794(a). It is clear on the face of the statute that it applies to recipients of federal financial aid. See Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). The Third Circuit has held that it does not, however, permit individual liability for defendants who do not individually receive federal aid. See A.W. v. Jersey City Pub. Schs, 486 F.3d 791, 804 (3d Cir. 2007); Emerson, 296 F.3d at 190.

Plaintiff concedes that Section 504 liability does not extend to individuals under Third Circuit law, but nevertheless asks this Court not to dismiss the claim against the individual

4

defendants.  (Doc. No. 15 at 5-6.)  In support, Plaintiff cites a few opinions from district courts in other circuits.[1]  (Id.)  Regardless of other district court opinions, however, the Third Circuit's position is clear, and the Court is therefore bound by its precedent.  See Jersey City Pub. Schs., 486 F.3d at 804 ("Suits may be brought pursuant to Section 504 against recipients of federal financial assistance, but not against individuals.")  Accordingly, the Court will dismiss Count One against Defendants Greer, Cole and Hansen-Kieffer for Plaintiff's failure to state a claim upon which relief can be granted.

  **B. Count Two: intentional infliction of emotional distress**

In Count Two, Plaintiff asserts a claim of intentional infliction of emotional distress against all Defendants.  Defendants argue that Plaintiff has not alleged sufficiently outrageous behavior to sustain the claim, nor has Plaintiff alleged the physical manifestations of emotional distress required under Pennsylvania law.  (Doc. No. 14 at 10-13.)  Plaintiff contends that she has averred sufficiently outrageous behavior and harm.  (Doc. No. 15 at 6-8.)

Under Pennsylvania law, a plaintiff must "demonstrate intentional outrageous or extreme conduct by the defendant, which causes severe emotional distress" to state a claim for intentional infliction of emotional distress.  Reeves v. Middletown Athletic Ass'n, 866 A.2d 1115, 1122 (Pa. Super. Ct. 2004).  This has been defined as conduct "so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society."  Id. at 1122 n.4 (quoting Hoy v Angelone, 720 A.2d 745, 754 (Pa. 1998)).  In addition to alleging outrageous conduct, Plaintiff must also allege physical

---

[1] See, e.g., Johnson v. New York Hosp., 897 F.Supp. 83 (S.D.N.Y. 1995).  Plaintiff refers to the existence of a "circuit split" on this issue, but if such a split exists, courts in disagreement with the Third Circuit position appear to be a minority.  See Taylor v. Altoona Sch. Dist., 513 F.Supp.2d 540, 566 (W.D. Pa. 2007) (citing courts inside and outside of the Third Circuit that have declined to recognize individual liability under Section 504).

5

injury.  Rolla v. Westmoreland Health System, 651 A.2d 160, 163 (Pa. Super. Ct. 1994) (citing Hart v. O'Malley, 647 A.2d 542, 554 (Pa. Super. Ct. 1994)).  See also Reeves, 866 A.2d at 1122-1123 ("[A] plaintiff must suffer some type of resulting physical harm due to the defendant's outrageous conduct.").

Although Defendants contend that Plaintiff has not alleged sufficiently outrageous behavior, the Court cannot say, as a matter of law, that the facts alleged in the complaint would not be adequately outrageous, particularly at this early stage of the litigation.  See Giannone v. Ayne Inst., 290 F.Supp.2d 553, 569 (E.D. Pa. 2003) ("At this stage of the proceedings, we cannot hold that [Defendants] did not act outrageously, so we will allow the claim for intentional infliction of emotional distress to proceed.")  Accepting Plaintiff's pleaded facts as true, it would appear Defendant Greer intentionally ridiculed and embarrassed Plaintiff in front of her classmates and teammates, and falsely labeled her a liar.  (Id. ¶¶ 19-23.)   Plaintiff also alleges that she was improperly and maliciously removed her from the lacrosse team, and that Defendant Greer subsequently instructed her friends and teammates to cease all communications with her, isolating her and thus making it necessary for her to drop out of Messiah College.  (Id.)  The Court recognizes that name calling and other similarly rude behavior is not generally sufficient to prevail on an IIED claim under Pennsylvania law.  See, e.g., Thompson v. AT&T Corp., 371 F. Supp. 2d 661, 686-87 (W.D. Pa. 2005); Lane v. Cole, 88 F.Supp.2d 402, 406 (E.D. Pa. 2000) ("Invidious discrimination is not alone sufficient to support an intentional infliction of emotional distress claim.")  Plaintiff's allegations go beyond mere discriminatory ridicule and hurt feelings, however, as she alleges she was removed from the lacrosse team, isolated from her friends, and ultimately forced to leave Messiah College when Defendants took no steps to remedy the discriminatory treatment.  See Lane at 406-407 (finding conduct suitably outrageous to sustain

IIED claim where Plaintiff was evicted and threatened with retaliatory violence in addition to discrimination).

Although the Court finds the averments sufficiently outrageous, Plaintiff fails to adequately allege she suffered accompanying physical harm. In her complaint, her sole averment is that she "has suffered severe emotional distress for which she is in on-going treatment." (Doc. No. 1 ¶ 31.) This reference to treatment is ambiguous, and no specific resulting physical symptoms are alleged in the complaint. See Abadie v. Riddle Memorial Hosp., 589 A.2d 1143, 1145-46 (Pa. Super. Ct. 1991) (dismissing IIED claim where, although Plaintiff pled that she was suffering from psychological factors affecting her physical condition and that she would need to spend money in medical care for her injuries, she did not specifically plead the nature of those injuries). The case Plaintiff cites in support of the sufficiency of her IIED claim also contained specific pleading regarding the nature of the alleged physical harm. See Love v. Cramer, 606 A.2d 1175, 1179 (Pa. Super. Ct. 1992) (denying motion to dismiss where Plaintiff pleaded psychological treatment in addition to "physical manifestations of emotional suffering" such as depression, nightmares, stress and anxiety). Accordingly, the Court will dismiss Count Two without prejudice to Plaintiff's ability to replead her claim in accordance with the standard identified in this memorandum.[2]

C.     **Punitive damages**

Finally, Defendants seek to dismiss Plaintiff's claim for punitive damages on the basis that such a remedy is not available under Section 504 of the Rehabilitation Act. Plaintiff concurs

---

[2] Courts in this Circuit applying Pennsylvania law have found averments lacking specific symptoms to be insufficient to survive a motion to dismiss. See White v. Brommer, 747 F.Supp.2d 447, 465-466 (E.D. Pa. 2010) (dismissing IIED claim for failure to plead requisite degree of physical harm where sole averment was that plaintiff "suffered, and continues to suffer, severe emotional distress").

7

that punitive damages are not available pursuant to the Act, but asks that the prayer for punitive damages not be dismissed because they are appropriate in conjunction with Count Two, the claim for intentional infliction of emotional distress. Both parties are correct that punitive damages are not available under Section 504 of the Rehabilitation Act. See Barnes v. Gorman, 536 U.S. 181, 189-190 (2002). Further, because the Court finds that Plaintiff has failed to state a claim for relief regarding intentional infliction of emotional distress, Plaintiff's argument that punitive damages are available with an IIED claim is now moot. Thus, the Court will dismiss Plaintiff's request for punitive damages.

## IV. CONCLUSION

Upon review of Plaintiff's complaint and the parties' briefs relating to Defendants' partial motion to dismiss, the Court finds that Plaintiff has failed to state a claim against defendants Greer, Cole and Hansen-Kieffer under Count I, and against all Defendants under Count II. In light of the Court's findings, Plaintiff's prayer for punitive damages cannot survive Defendants' motion to dismiss. Accordingly, the Court will dismiss these claims. An order consistent with this memorandum follows.